1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CHATMAN,

       Plaintiff,                       No. CIV S-06-0578 MCE EFB P

   vs.

R. JOHNSON, et al.,

       Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. This action proceeds on the September 20, 2006, amended complaint, in which plaintiff makes the following allegations against defendants Guillen, Silva and Cox: (1) on January 17, 2004, Guillen and Silva entered plaintiff's cell, confiscated and censored court papers and other legal materials related to two cases plaintiff was pursuing in federal court; (2) on July 12, 2004, defendant Cox called plaintiff for a medical appointment related to the injuries sustained at the hands of other defendants, but when plaintiff reported that he could not walk, defendant Cox cancelled the appointment on the ground that plaintiff refused treatment. The matter is now before the court on the March 15, 2007, motion of defendants Guillen, Silva and Cox to dismiss this action with respect to them on the ground that plaintiff failed to exhaust available administrative remedies. For the reasons explained below, the court finds that plaintiff

1

failed to exhaust his claims against these defendants.

**I.     Facts**

On January 22, 2004, plaintiff filed a grievance about the alleged incident. Comp., Ex. A at 2. He labeled it, "Emergency Appeal," and alleged that on January 17, 2004, defendants Guillen and Silva entered his cell and "censored [plaintiff's] court documents in their entirety while confiscating legal material and evidence" relating to two cases plaintiff was pursuing in federal court. *Id*. He requested that the confiscated papers be returned. *Id*. On January 28, 2004, the appeals coordinator rejected the appeal. *Id.* at 6. The rejection was based on findings that plaintiff did not attempt to resolve the complaint on the informal level, he did not submit either a "cell search slip," or a "confiscated property form," and the allegations did not qualify as an emergency appeal. *Id*. In May of 2004, plaintiff sent to the Inmate Appeals Branch the documents about the alleged conduct of Guillen and Silva. Defs.' Mot. to Dism., filed March 15, 2007, Attach. 1, Decl. of N. Grannis ("Grannis Dec.") at 2. However, on June 22, 2004, N. Grannis returned the papers to him, explaining that plaintiff must submit the appeal to the appeals coordinator for review on the second formal level before he could obtain review on the Director's Level. Comp., Attach. A at 7; Grannis Dec., at 2 & Ex. A. There is no record that plaintiff properly filed an appeal about this matter on the Director's Level of Review. Grannis Dec., at 2.

On July 13, 2004, plaintiff submitted an appeal complaining that on July 8, 2004, when he arrived at the infirmary after guards had used excessive force against him, Dr. Cox only prescribed pain medications, even though the video-taped examination demonstrated that plaintiff was unable to walk, raise his left arm and had severe back injuries. Comp., Attach. A at 16. He also alleged that the video showed that guards had escorted him to the infirmary and thereafter to his cell in a wheelchair. *Id.* at 17. He alleged that on July 9, 2004, he submitted an emergency request for medical treatment to defendant Dr. Cox via a housing officer, but that the request was "rejected without an explanation." *Id.* Plaintiff further alleged that on July 12,

2004, he had an appointment to see defendant Dr. Cox, but that he was denied medical attention because plaintiff was unable to walk to the infirmary. *Id.* Finally, plaintiff alleged that defendant Dr. Cox falsely noted that plaintiff had refused medical assistance and placed that notation into plaintiff's medical file. *Id.* Plaintiff requested that defendant Cox be required to undergo drug and alcohol testing to determine whether substance abuse rendered him unable to perform his duties. *Id.* He also requested that he be permitted to use a wheelchair to go to the infirmary for a medical examination and for Dr. Cox to be reprimanded for refusing to see plaintiff. *Id.* at 16. The CDCR has no record that plaintiff submitted this appeal for review on the second level of review. Defs.' Mot. to Dism., filed March 15, 2007, Attach. 2, Decl. of D. Jackson ("Jackson Dec.") at 3.

On August 2, 2004, plaintiff submitted an appeal, designated Log. No. 04-1962, complaining that since July 9, 2004, defendant Dr. Cox purposefully had been denying plaintiff medical attention and had "fabricated misleading information" in plaintiff's medical record that was contrary to plaintiff's condition, i.e., pain in his back, legs and arms, muscle spasms and numbness. Comp., Attach. A at 21. He also alleged that on July 28, 2004, Dr. Cox deliberately cancelled plaintiff's appointment with him "for unreasonable reasons," even though plaintiff was in "excruciating pain daily." *Id*. at 22-23. Plaintiff requested that Dr. Cox be charged with misconduct and that plaintiff receive "unbiased medical care in support of" his ailments. *Id.* at 21. On September 22, 2004, this appeal was partially granted on the first level of review. *Id.* at 24. A different physician examined plaintiff, diagnosed his ailments, ordered lipid testing, renewed plaintiff's prescriptions and prescribed new medications, and informed plaintiff that he would request a chrono for plaintiff to be restrained in a waistchain instead of handcuffs. *Id.* at 25. Plaintiff's request that Dr. Cox be charged with misconduct was denied for lack of sufficient evidence that he "acted outside the scope of his license." *Id.*

On March 28, 2005, plaintiff wrote a letter to the "Chief Appeals Coordinator," inquiring into the status of appeal Log. No. 04-1962, which he claimed to have filed on December 22, 2004.

3

He further claimed that the appeal had not been answered. *Id.* at 28. On May 8, 2005, plaintiff wrote to the Director of the CDCR informing her that although he had forwarded his appeal Log No. HDSP-C-04-1962 to the Director's Level of Review via the Chief of Inmate Appeals, he had not obtained a decision. *Id.* at 32. He further explained that he had written to the Chief of Inmate appeals about the appeal, but never received a response. *Id.* On May 22, 2005, plaintiff sent a letter about appeal Log. No. HDSP C-04-1962 to the Division of Correctional Health Care Services (DCHCS) requesting assistance in obtaining review of his appeal on the Director's Level. *Id.* at 29. In response, plaintiff received an explanation that he must pursue his complaints through the prison's administrative process, and that his appeal had not been accepted on the Director's Level of Review because plaintiff did not follow the rules of that process. *Id.* at 30. A June 16, 2005, letter from the Inmate Appeals Branch explained that appeal Log. No. HDSP C-04-1962 may have been returned with an explanation of what was necessary to obtain review of it. *Id.* at 40. A July 6, 2005, letter from the Inmate Appeals Branch was identical. *Id.* at 41.

On July 14, 2005, plaintiff wrote to the appeals coordinator about the status and whereabouts of his appeal Log No. HDSP-C-04-1962, which he asserted he had sent to the Director's Level of Review. *Id.* at 35. He requested a copy of it from his central file. *Id.* at 35. On August 1, 2005, the appeals coordinator, having construed the inquiry as an appeal, rejected it on the ground that the first appeal had been completed on the first level of review in HDSP-05-1962, and plaintiff had not demonstrated that the appellate issue adversely had affected his welfare. *Id.* at 38. The appeals coordinator also explained that since plaintiff never completed the second level of review for Log No. HDSP-C-04-1962, he could not obtain review on the Director's Level. *Id.* On September 11, 2005, plaintiff again wrote to the appeals coordinator, explaining that he received a copy of appeal Log. # HDSP-C-04-1962 from his correctional counselor and requested the appeals coordinator to process it. *Id.* at 36. The appeal was rejected as untimely. Comp., Ex. A at 34. In a December 8, 2005, letter from the Inmate Appeals Branch regarding appeal Log # HDSP 04-1962, plaintiff was informed:

4


> The form must be completed through the Second Level of Review on behalf of the Warden or Parole Region Administrator. Your appeal was rejected, withdrawn or cancelled. If you disagree with that decision, contact the Appeals Coordinator. You must comply with instructions from that office.

The CDCR has no record that plaintiff properly submitted for review on the Director's Level any appeal about Dr. Cox's alleged refusal to see plaintiff. Grannis Dec., at 2.

**II.     Standards Applicable to this Motion**

Defendants seek dismissal under Rule 12(b) of the Federal Rules of Civil Procedure. While the Ninth Circuit has stated that Rule 12(b) is the proper mechanism for resolving questions arising under 42 U.S.C. § 1997e(a), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), the reason underlying that decision has been undermined. The Ninth Circuit found that failure to exhaust was a matter in abatement which should be raised in a motion made under "unenumerated Rule 12(b)."[1] *Wyatt*, 315 F.3d at 1119. However, the United States Supreme Court recently clarified that failure to exhaust is an affirmative defense which defendant has the burden of pleading and proving. *Jones v. Bock*, __ U.S. __, 127 S.Ct. 910, 921 (2007). Federal courts appropriately consider affirmative defenses on summary judgment. Here, defendant's motion necessarily requires the court to consider the affidavits and exhibits presented for the purpose of proving the absence of exhaustion. Accordingly, the court finds that a motion for summary judgment is the proper mechanism for resolving the question of whether plaintiff satisfied the exhaustion requirement. Indeed, as acknowledged in *Wyatt*, the court must treat the motion as one for summary judgment because defendants have submitted documents for the court's consideration, and court has not excluded them. 315 F.3d at 1119, n.14; *See* Fed. R. Civ. P. 12(b).

////

---

[1] *Wyatt* is clear that regardless of nomenclature, a motion attacking failure to exhaust is not a challenge to the sufficiency of the complaint. It is a motion in which defendant must raise and prove by evidence the absence of exhaustion. *Id.* In this regard, the Ninth Circuit in *Wyatt* provides further guidance. It recognizes that when the district court looks beyond the pleadings to a factual record in deciding the exhaustion motion it necessarily does so under "a procedure closely analogous to summary judgment." 315 F.3d at 1119., n.14

5

**A.      Rule 56 Standards**

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[2] As explained by the Ninth Circuit, the utility of Rule 56 to screen which cases actually require resolution of disputed facts over material issues (through presentation of testimony and evidence at trial) has been clarified and enhanced.

> In three recent cases, the Supreme Court, by clarifying what the non-moving party must do to withstand a motion for summary judgment, has increased the utility of summary judgment. First, the Court has made clear that if the non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986) (emphasis added). Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). No longer can it be argued that *any disagreement* about a material issue of fact precludes the use of summary judgment.

*California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert. denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added). In short, there is no "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Grimes v. City and Country of San Francisco*, 951 F.2d 236, 239 (9th Cir. 1991)

---

[2] On December 21, 2006, the court expressly informed plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). Pursuant to *Wyatt*, 315 F.3d at 1120, n.4, that order also expressly informed plaintiff of the requirements for opposing a failure to exhaust motion that is supported by affidavits or declarations and exhibits.

(quoting *Celotex*, 477 U.S. at 322).

### B. Failure to Exhaust

A prisoner may bring no action under 42 U.S.C. § 1983 or any other federal law until he has exhausted available administrative remedies. 42 U.S.C. § 1997e(a). This requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.2d 1048, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and the prisoner is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002). As noted above, the law now is clear that section 1997e(a) requires "proper" exhaustion, including compliance with any requirement that a grievance be filed within a particular time-frame. *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2384-2385, 2387-2388 (2006). Thus, a prisoner does not properly exhaust by filing an appeal that prison officials reject as untimely. *Woodford*, ___ U.S. at ___, 126 S.Ct. at 2384-2385, 2387-2388. Failure to exhaust is an affirmative defense, which defendant has the burden of proving that plaintiff did not exhaust. *Jones v. Bock*, ___ U.S. ___, 127 S.Ct. 910, 921 (2007).

California prisoners may, appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). An appeal must be submitted "within 15 working days of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision." Cal. Code Regs. tit. 15, § 3084.6(c). An untimely appeal may be rejected. Cal. Code Regs. tit. 15, § 3084.3(c)(6). The regulations require the use of specific forms, but contain no guidelines for grievance content. Cal. Code Regs. tit 15, §§ 3084.2, 3085. Prisoners ordinarily must present their allegations on one informal and three formal levels of review, although the informal and the first formal levels may be bypassed. Cal. Code Regs. tit. 15, § 3084.5. Only presentation on the formal levels of review requires prisoners to submit their appeals to the appeals coordinator. Cal. Code Regs. tit. 15, §

3084.2(b), (c). A division head reviews appeals on the first formal level, *see* Cal. Code Regs. tit. 15, § 3084.5(b)(3) (authorizing bypass of the first formal level when the division head cannot resolve it), and the warden or a designee thereof reviews appeals on the second formal level, *see* Cal. Code Regs., tit. 15 § 3084.5(e)(1). Generally, completion of the third level, the Director's Level of Review, exhausts the remedy. Cal. Code Regs. tit. 15, § 3084.1(a). If at any time a prisoner abuses the appeals process, as by submitting "[a]n appeal containing false information, or profanity or obscene language," the appeal must be rejected. Cal. Code Regs. tit 15, §§ 3084.3(c)(8), 3084.2(f).

**III.   Analysis**

    **A.   Claims against Guillen and Silva**

As noted, plaintiff claims that on January 17, 2004, these defendants entered plaintiff's cell and confiscated or damaged court papers and other legal materials related to two cases plaintiff was pursuing in federal court. Defendants Guillen and Silva contend that plaintiff's failure to exhaust stems from the justified rejection of plaintiff's grievance. Plaintiff contends that the remedy was unavailable because the appeals coordinator wrongfully rejected his appeal, thereby preventing exhaustion. Opp'n at 5-6. It is undisputed that on January 22, 2004, plaintiff submitted an appeal about the cell search and he sought "emergency" processing. It also is undisputed that it was rejected on the grounds that the matter was not an emergency, plaintiff did not seek resolution on the informal level of review and plaintiff did not attach adequate documentation of the deprivation. The applicable regulations require a prisoner to attempt informal resolution with the staff involved, unless specifically excepted by at least one of two other provisions. Cal. Code Regs. tit. 15, § 3084.2(b). Plaintiff asserts that his situation falls within the provision that "[t]he informal level shall be waived for appeal of . . . exceptional circumstances defined in section 3084.7." *Id*., at § 3084.5(a)(3)(E). Plaintiff asserts that his appeal was an "emergency appeal." *See Id*., at § 3084.7(a). "Emergency appeals" are those which pertain to a prisoner's need for protective custody, transfer of a prisoner to a facility housing an enemy or a challenge to a serious disciplinary action resulting in time credit revocation when the prisoner is scheduled for parole within 15 days.

8

1  *Id.*, at § 3084.7(a)(1)(A)-(C). Other, unspecified circumstances can justify emergency processing.
2  *Id.*, at § 3084.7(a). The only benefit to the "emergency appeal" designation is that the normal times
3  for administrative response do not apply, and staff must resolve the appeals "in the shortest practical
4  time." *Id.* An emergency appeal must be submitted directly to the appeals coordinator and it must
5  substantiate the basis justifying emergency processing. *Id.*, at § 3084.7(a)(2). The appeals
6  coordinator has discretion to determine that such processing is not warranted, and must notify the
7  prisoner, whereupon the appeal must be processed as a regular appeal. *Id.*, at § 3084.7(2)(A).

### 1. **Failure to Attempt Informal Resolution**

9  Here, it is undisputed that the appeals coordinator determined that the matter was not an
10 emergency. The appeal did not involve any of the enumerated bases that would justify emergency
11 processing. Thus, the appeals coordinator was well within his discretion to deny expedited
12 processing. Furthermore, the appeals coordinator informed plaintiff that he must submit his appeal
13 on the informal level of review. The appeals coordinator applied the regulations and gave plaintiff
14 specific instructions on how to proceed. Insofar as plaintiff merely disagreed and disobeyed the
15 instructions given, he has not demonstrated any official interference with his ability to proceed such
16 that the remedy became unavailable to him. However, if the appeal nevertheless did not require an
17 attempt at informal resolution, then plaintiff may be able to demonstrate the remedy was unavailable.

18 In this regard, plaintiff asserts that the informal level should have been waived because
19 Guillen and Silva were departmental peace officers. Defendants contend that because plaintiff
20 alleged interference with personal property, he was not required to attempt informal resolution.
21 Plaintiff is correct that the informal level of review "shall be waived for appeal of . . . [a]lleged
22 misconduct by a departmental peace officer." Cal. Code Regs. tit. 15, § 3084.5(a)(3)(G). "A
23 correctional officer employed by the Department of Corrections," is one of the many state officers
24 categorized as "peace officers." Cal. Pen. Code § 830.5 (West 1985).

25 Defendants that plaintiff had to seek informal resolution for a different reason, i.e. because
26 confiscation of property is not enumerated as an exception to the rule. *See* Rply. in Supp. of Defs.'

9

Mot. to Dism., at 3. The regulations provide otherwise. Prisoners need not attempt informal resolution for complaints about property loss or confiscation. Cal. Code. Regs. tit. 15, § 3084.7(d). Thus, there are two bases for plaintiff legitimately to have bypassed an attempt at informal resolution: the status of Guillen and Silva as departmental peace officers and the nature of the complaint as involving the loss or confiscation or property.

Defendants rely on *Golden v. Guerrero*, 2007 WL 685938 (E.D. Cal. Mar. 5, 2007), in arguing that the exception under the regulation does not apply. *Golden* involved a plaintiff who complained about an officer's conduct of cell searches. However, the similarity ends there. The defendants in that case successfully argued that the plaintiff did not pursue his grievances about the search from the second formal level of review to the Director's Level of Review. *Golden*, at *2. There is no mention of a dispute about whether plaintiff was required to, but did not, seek resolution on the informal level of review. Thus, *Golden* does not support defendants' argument.

Under the regulation, plaintiff was not required to attempt informal resolution by discussing the matter with Guillen and Silva. Therefore, plaintiff's failure to attempt informal resolution was not a basis under defendants' rules for rejecting the appeal, and cannot serve as a basis for dismissal under *Woodford*.

### 2. **Failure to Submit Documentation**

Defendants further argue that plaintiff's failure to attach clarifying documentation constitutes a failure to exhaust. Motion at 8. Prisoners must submit with their grievances "supporting documentation necessary to clarify the appeal." Cal. Code Regs. tit. 15, § 3084.2(a)(2). An appeal lacking such documentation may be returned with instructions on how to proceed. *Id.*, at § 3084.3(c)(4). Here, it is undisputed that the appeals coordinator informed plaintiff that he must submit a "Cell Search Slip" and a "Confiscated Property Form," and if he did not have these documents, he could obtain copies from the Records Office. Defs.' Mot. to Dism., Ex. B. Plaintiff asserts that he did submit the documents. Opp'n at 7. However, the evidence plainly shows that instead of submitting them to the appeals coordinator, he submitted them to the Inmate Appeals

Branch, i.e. Director's Level of Review.  There is no evidence that he re-submitted the appeal with the supporting papers to the appeals coordinator.  There is no genuine dispute in this regard and plaintiff failed to satisfy the requirement that he submit supporting documentation to the appeals coordinator.  Therefore, defendants Guillen and Silva are entitled to judgment as a matter of law.

### B. Claims against Dr. Cox

As noted, plaintiff claims that on July 12, 2004, defendant Cox called plaintiff for a medical appointment related to the injuries sustained at the hands of other defendants, but when plaintiff reported that he could not walk, defendant Cox cancelled the appointment on the ground that plaintiff refused treatment.  Defendant Dr. Cox asserts that plaintiff did not properly pursue the appeals against him.  Plaintiff asserts that he submitted an appeal dated July 13, 2004.  The evidence shows that it was received by the Inmate Appeals Branch on May 12, 2005.  However, nothing in the record shows that plaintiff submitted it for review on the lower levels.  On this evidence, no reasonable jury could conclude that plaintiff submitted this appeal on the lower levels of review through Director's Level of Review.

Turning to plaintiff's other appeal about defendant Cox, it is undisputed that on August 2, 2004, plaintiff submitted a grievance, Log No. 04-1962.  In it, he alleged that Dr. Cox repeatedly had improperly refused to provide plaintiff with an adequate medical examination.  As relief, he sought an "unbiased" medical examination and requested that Dr. Cox be subjected to various procedures and sanctions.  Defendant Cox contends that this appeal did not exhaust the available administrative remedies.  He asserts that plaintiff did not submit an appeal on the Second Formal Level of Review, but instead attempted to proceed directly to the Director's Level.  Despite his flurry of letters to various officials, plaintiff ultimately admits in one letter that he actually had not filed this appeal on the second formal level of review.  Thus, under the applicable rules, prison officials could not address the appeal on the Director's Level of Review.

Although the partial grant of relief raises the question of whether it should be deemed to have exhausted the available remedies, the court concludes otherwise.  The appeal was partially granted

11

with respect to plaintiff's demand for an "unbiased" medical examination. Prison officials directed a different physician to examine plaintiff. However, prison officials also determined that the allegations of misconduct were unsubstantiated.

In the amended complaint, plaintiff seeks an injunction directing Dr. Cox to refrain from denying plaintiff medical care. Comp. at 12. Since plaintiff seeks relief on the ground that Dr. Cox *did* refuse plaintiff medical care and then attempted to conceal the refusal, plaintiff can pursue this claim only if he satisfied the exhaustion requirement. He did not. There is no evidence to establish a genuine dispute in this regard, and therefore, defendant Cox is entitled to judgment as a matter of law.

Accordingly, it is hereby RECOMMENDED that:

1. The March 15, 2007, motion to dismiss, construed as one for summary judgment, be granted;

2. Judgment be entered in favor of defendants Guillen, Silva and Cox; and

3. The remaining defendants be given 30 days to file and serve an answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 10, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE