IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CHATMAN,

      Plaintiff,                        No. CIV S-06-0578 MCE EFB P

     vs.

R. JOHNSON, et al.,

      Defendants.           ORDER

_____/

        Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. He alleges that he was the victim of excessive force and inadequate medical care. Defendants have filed motions to dismiss on the ground that plaintiff fails to state a claim upon which relief could be granted. *See* Fed. R. Civ. P. 12(b)(6). They have also moved to stay discovery until the court resolves their motions to dismiss. *See* Fed. R. Civ. P. 26(c). For the reasons explained below, the court grants the motions to stay discovery.

        A federal district court may, in the course of discovery, "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A court may direct that "disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place." Fed. R. Civ. P. 26(c)(2). The party seeking to limit discovery must demonstrate "good cause"

1

1  therefor.  Fed. R. Civ. P. 26(c).  Such cause exists when the court "is convinced that the plaintiff
2  will be unable to state a claim for relief."  *See Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir.
3  1981); *B.R.S. Land Investors v. United States*, 596 F.2d 353, 356  (9th Cir. 1978) (court may
4  deny discovery where it believes plaintiff will not be able to state a claim for relief).

5      Here, defendants Felker, Runnels, Roche and Rohlfing have moved to dismiss for
6  plaintiff's failure to state a claim.  Despite those pending motions, which may dispose of this
7  action, plaintiff has served numerous discovery requests on the defendants.   He served on
8  defendants Felker and Runnels interrogatories delving into their responsibilities as supervisors
9  and their knowledge of the alleged conditions to which plaintiff was subjected.  He served on
10  defendant Roche interrogatories asking about his litigation history, his responsibilities as a
11  prison physician and his knowledge about plaintiff's allegations.  Likewise, he served on
12  defendant Rohlfing a set of interrogatories.  Plaintiff also has served defendants with requests to
13  produce documents, none of which appear to relate to how these defendants were involved in the
14  events giving rise to this action.  If the pending motions to dismiss are granted, there will be no
15  need to respond to the discovery requests.  The court has reviewed defendants' motions to
16  dismiss and finds that they have merit.  Thus, the court finds that an order to stay discovery until
17  the court finally resolves the motions to dismiss is justified.

18      Accordingly, it is ORDERED that:

19      1.  The October 24, 2007, motion for a protective order filed by Runnels, Felker and
20  Roche is granted;

21      2.  The October 25, 2007, motion for a protective order filed by Rohlfing is granted;

22      3.  Defendants Runnels, Felker, Roche and Rohlfing need not respond to plaintiff's
23  discovery requests or otherwise engage in discovery pending the district judge's order on their
24  motions to dismiss.

25  Dated:  November 27, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE