IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CHATMAN,

        Plaintiff,                      No. CIV S-06-0578 MCE EFB P

    vs.

R. JOHNSON, et al.,                 FINDINGS AND RECOMMENDATIONS

        Defendants.

_____/

      Plaintiff is a prisoner without counsel suing under 42 U.S.C. § 1983.  His complaint alleges that on February 14, 2005, defendants Wright and Sears entered his cell, censored and confiscated his papers related to pending lawsuits, stole items of plaintiff's property and destroyed other items in retaliation for plaintiff having filed grievances against other officers.  On July 10, 2007, plaintiff filed a motion for a temporary restraining order and a preliminary injunction.  He seeks an order directing Wright and Sears to return plaintiff's property to him.  For the reasons explained below, the court finds that plaintiff has not demonstrated that he is entitled to the relief he seeks.

      A temporary restraining order is available to an applicant for a preliminary injunction when the applicant may suffer irreparable injury before the court can hear the application for a preliminary injunction.  Fed. R. Civ. P. 65(b) (motion for preliminary injunction shall be set for

1

hearing at earliest possible time after entry of temporary restraining order); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439 (1974) (temporary restraining order issued in state court expired ten days after action was removed to federal court); Wright, Miller & Kane, *Federal Practice & Procedure*, § 2951 (2d ed. 1995). The standards for a temporary restraining order are the same as those applicable to a preliminary injunction.

A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). To prevail upon an application for a prohibitory preliminary injunction, plaintiff must demonstrate either probable success on the merits and the possibility of irreparable injury, or serious questions regarding the merits of his claims and a balance of hardships tipping sharply in his favor. *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1134 (9th Cir. 1979). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). And since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

As stated, plaintiff seeks an order directing that defendants Sears and Wright to return photographs of plaintiff's family and documents related to at least two federal lawsuits. He

asserts that his motion is based on a memorandum of points and authorities, but the court has received no such document. Plaintiff makes no showing that the documents he seeks to have returned are related to this action. Thus, there is no basis for the court to conclude that he faces any harm, much less that the balance of hardships tips in his favor. Furthermore, plaintiff makes no showing that he could succeed on the merits. In light of these deficiencies, the court finds that plaintiff has failed to show that a preliminary injunction should issue.

Accordingly, it is hereby RECOMMENDED that plaintiff's July 10, 2007, motion for injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 3, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE