IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CHATMAN,

      Plaintiff,                          No. CIV S-06-0578 MCE EFB P

  vs.

R. JOHNSON, et al.,

      Defendants.                  FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. On July 31, 2007, defendants Felker, Roche and Runnels filed a motion to dismiss on the ground plaintiff fails to state a claim upon which relief could be granted. *See* Fed. R. Civ. P. 12(b)(6). On August 10, 2007, defendant Rohlfing filed a motion to dismiss pursuant to Rule 12(b)(6). Instead of filing an opposition, plaintiff a document alleging that persons who are not defendants in this action have confiscated his complaint, making it impossible for him to respond to the motions to dismiss. He further faults the court for refusing to copy his 155-page amended complaint and send it to him. He does not address how it is that, in light of the claim that events alleged in the complaint allegedly happened to him, he cannot recall what happened or what he alleged. Furthermore, his alleged lack of access to his complaint has not prevented him from otherwise litigating this action, as by making discovery requests on defendants. The

court acknowledges that it <u>repeatedly</u> has warned plaintiff that failure to file an opposition to the motion to dismiss would result in a recommendation that this action be dismissed. However, the court exercises its discretion to address defendants' motions on the merits. For the reasons explained below, the court finds that defendants' motions should be granted.

This action proceeds on the September 20, 2006, amended complaint.[1] Plaintiff alleges that a number of defendants subjected plaintiff to cruel and unusual punishment in the form of excessive force and interference with medical care thereafter. He alleges that defendants Runnels and Felker were informed of these violation but "suppressed the incident to protect the culprits involved," defendants Rholfing and Roche denied him necessary medical care in the form of a knee brace, back brace and eggcrate mattress, and that Rholfing conspired with defendant James to further the latter's denial of care to plaintiff.

## I.     Standards on Motion to Dismiss

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1964, 1970 (2007) (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of its claims which would entitle plaintiff to relief "has been questioned, criticized, and explained away long enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). Thus, the grounds must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action. *Bell Atlantic*, 127 S.Ct. at 1965. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Id*. Dismissal may be based either on the lack of

---

[1] On September 25, 2007, the court dismissed this action with respect to defendants Guillen, Silva and Cox on the ground that plaintiff failed to exhaust the available administrative remedies.

2

cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

As noted, the complaint's factual allegations are accepted as true. *Church of Scientology of California v. Flynn*, 744 F.2d 694 (9th Cir. 1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in his favor. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). General allegations are presumed to include specific facts necessary to support the claim. *NOW*, 510 U.S. at 256 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

The court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Federal Savings and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)). "The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

////

**II.     Analysis**

  **A.  Due Process**

Plaintiff alleges that defendants Runnels and Felker learned that their subordinates committed "assault, torture, commit thef[t], harass and den[ied] plaintiff essential medical care," in violation of the Due Process Clause of the Fourteenth Amendment. Am. Compl., at vi, 8. Defendants argue that they did not violate plaintiff's right to due process under the Fourteenth Amendment. The Due Process Clause provides that no state shall deprive any person of life, liberty or property without due process of law. U.S. CONST. amend. XIV, § 1. "[T]he touchstone of due process is protection of the individual against arbitrary action of government" which deprives the individual of a protected right. *County of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998); *Wolf v. McDonnell*, 418 U.S. 539, 558 (1974). Thus, the Supreme Court has held that in order for a right to be protected under the Due Process Clause, an individual must have "a legitimate claim of entitlement to it." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Prisoners have no legitimate entitlement to a prison grievance system. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.), *cert. denied*, 488 U.S. 898 (1988). Since plaintiff has no protected interest in the administrative appeals procedure he pursued, he has no right to any particular process or outcome when he seeks relief therein. Therefore, the Due Process Clause did not oblige Runnels or Felker to handle plaintiff's appeal in any particular manner or to provide any particular relief. Accordingly, plaintiff's due process claim against them must be dismissed.

  **B.  Supervisor Liability**

Plaintiff also seems to claim that these defendants are subject to liability based on their roles as supervisors. To state a claim against a supervisor who did not personally inflict the injury alleged, plaintiff must allege the supervisor (1) caused others to act, or knowingly refused to stop them from acting, knowing or having reasonable cause to know they would inflict injury; (2) approved such conduct and injury after the fact; or (3) so failed to train or control

4

subordinates to avoid such injury as to demonstrate reckless or callous indifference to constitutional injury. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *see also Jones v. Williams*, 297 F.3d 930, 937 & fn. 4 (9th Cir. 2002). Plaintiff nowhere alleges that defendants Felker or Runnels somehow instigated the actions taken against plaintiff or that they knew it would happen and failed to prevent it.

While plaintiff alleges that defendants "suppressed the incident to protect the culprits involved," Am. Compl., at 8, this allegation is not sufficient to state a claim under Rule 12(b)(6). This language simply concludes that defendants suppressed information, but does not state what the act of suppression was. Plaintiff refers to exhibit A72-75 attached to his complaint, which simply shows that plaintiff wrote to the Department of Internal Affairs about the events giving rise to this action. That office forwarded plaintiff's correspondence to defendant Runnels, who in turn verified that plaintiff was pursuing the available administrative remedies within the prison system, and advised plaintiff that he could not circumvent this process by writing directly to the Department of Internal Affairs. Nothing in the complaint or in these attachments suggests that either defendant Runnels or Felker approved of their subordinates' alleged actions. Finally, none of plaintiff's allegations suggest that these defendants' failure to train or control their subordinates so as to demonstrate reckless or callous indifference to constitutional injury. Accordingly, plaintiff's claims against defendants Runnels and Felker in their supervisory capacity must be dismissed.

**C. Medical Care**

Plaintiff alleges that defendants J. Rohlfing and S. M. Roche violated the Eighth Amendment's prohibition on cruel and unusual punishment by preventing him from obtaining recommended medical treatment after prison guards attacked him. Am. Compl., at xi, xii, 9-10.

////

5

In particular, plaintiff alleges that defendants Rohlfing and Roche deliberately suppressed medical records showing that plaintiff needed a knee brace, back brace and an eggcrate mattress. Defendants contend that plaintiff's factual allegations are insufficient to survive Rule 12(b)(6) scrutiny. To state a claim defendants provided constitutionally inadequate medical care, plaintiff must allege acts or omissions evidencing identified defendants knew of and disregarded plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference "may be manifested in two ways. It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Neither defendants' negligence nor plaintiff's general disagreement with the treatment he received suffices to state a claim. *Estelle*, 429 U.S. at 106; *Hutchinson*, 838 F.2d at 394; *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996). Throughout his complaint, plaintiff alleges that various defendants denied treatment and refused even to see or examine him. Nowhere does he allege that any physician examined him, determined that he needed support devices and recommended that they be provided to him. The court notes that plaintiff did not refer to any of his at least 120 pages of attachments to support this claim. Defendants, however, correctly note that defendant Rohlfing handled two of plaintiff's grievances on the first formal level of review, in one of which he partially grants a request for a knee brace, a back brace and an eggcrate mattress. Am. Compl., Ex. B-3-4. Thus, denial of these items - an essential element of plaintiff's claim, is refuted by plaintiff's attachments. Accordingly, his claim that defendants Rohlfing and Roche deliberately suppressed medical records showing that plaintiff needed a knee brace, back brace and an eggcrate mattress must be dismissed.

### D. Conspiracy

Plaintiff claims that defendant Rholfing conspired with defendant James in an effort to deny plaintiff medical care. In particular, plaintiff alleges that defendant James refused to

6

examine plaintiff, but then falsified medical records by stating that he did in fact examine plaintiff. Furthermore, plaintiff alleges that Rholfing "conspired with defendant James to say plaintiff received an evaluation that he knew were not true." Am. Compl., at 9. To state a claim for conspiracy, plaintiff must allege specific facts showing two or more persons intended to accomplish an unlawful objective of causing plaintiff harm and took some concerted action in furtherance thereof. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 626 (9th Cir. 1988); *Gilbrook v. City of Westminster*, 177 F.3d 839 (9th Cir. 1999); *Burns v. County of King*, 883 F.2d 819, 822 (9th Cir. 1989) (conclusory allegations of conspiracy insufficient to state a valid § 1983 claim); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998)(to state claim for conspiracy under § 1983, plaintiff must allege facts showing an agreement among the alleged conspirators to deprive him of his rights); *see also Delew v. Wagner*, 143 F.3d 1219, 1223 (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege at least facts from which such an agreement to deprive him of rights may be inferred). Here, there are allegations that one defendant, James, denied plaintiff medical care and then made untrue documentation suggesting he actually did provide care. There also are allegations that Rohlfing conspired with James to "say plaintiff received" a medical examination, even though he knew plaintiff did not. No allegations connect James' alleged falsification with plaintiff's implication that Rohlfing did something (or failed to do something) which resulted in plaintiff's records showing that defendant James provided a medical evaluation. Furthermore, as defendant Rohlfing notes, he partly granted the relief plaintiff sought with respect to defendant James. Am. Compl. Ex. A24-25, B. 3-4. Thus, there is no basis for discerning an agreement between the two or any act in furtherance of such an agreement. Thus, plaintiff's claim that defendant Rholfing conspired with James to create documentation reflecting a medical evaluation by James must be dismissed.

////

////

////

## VI. Conclusion

For all of the above reasons, the court finds that plaintiff fails to state any claims against defendants Felker, Runnels, Roche or Rohlfing.  Accordingly, it is hereby RECOMMENDED that:

1. The July 31, 2007, motion to dismiss filed by defendants Felker, Roche and Runnels be granted and that judgment be entered in their favor;

2. The August 10, 2007, motion to dismiss filed by defendant Rohlfing be granted and that judgment be entered in his favor; and

3. Since claims remain pending against other defendants, the Clerk of the Court should be directed not to enter final judgment.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 12, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE