IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CHATMAN,

        Plaintiff,                      No. CIV S-06-0578 MCE EFB P

    vs.

R. JOHNSON, et al.,

        Defendants.             ORDER

        Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. Currently before the court are the following motions and requests: (1) the December 4, 2007, motion to continue plaintiff's deposition filed by counsel representing defendant Rohlfing; (2) the December 5, 2007, motion seeking the same relief filed by counsel on behalf of defendants Bortle, Cox, Davey, Dittman, Erlich, Felker, Fleming, Givich, Guillen, James, Johnson, Kalbach, Kramer, Roche, Runnels, Sears, Silva, Wright, St. Andre, and Williams; (3) plaintiff's December 5, 2007, request to modify the schedule to permit more time for discovery; and (4) the January 11, 2008, motion to vacate the scheduling order filed on behalf of defendants Bortle, Cox, Davey, Dittman, Erlich, Felker, Fleming, Givich, Guillen, James, Johnson, Kalbach, Kramer, Roche, Runnels, Sears, Silva, Wright, St. Andre, and Williams.

////

On March 28, 2008, the district judge granted motions to dismiss filed on behalf of Felker, Roche, Rohlfing and Runnels.  Additionally, the motion to dismiss Guillen, Silva and Cox was granted on September 25, 2007.  Accordingly, the motion to continue as it relates to these defendants is denied as moot.  The motion as it relates to the other defendants is denied for the reasons explained below.

**I.     Procedural History**

On August 21, 2007, the court issued a discovery and scheduling order governing this action.  On November 15, 2007, the defendants who had answered the complaint filed a request for an extension of time to respond to plaintiff's discovery requests.  These defendants commenced plaintiff's deposition on November 29, 2007, at High Desert State Prison ("HDSP").  Apparently that deposition was not fully completed and on December 5, 2007, defendants filed a motion to continue the deposition.  Also on December 5, 2007, plaintiff filed a request for an extension of time to complete discovery.  On January 11, 2008, defendants filed a motion to vacate the scheduling order.  On February 1, 2008, defendants moved for summary judgment.

**II.    Defendants' Motions to Modify the Schedule**

Defendants Bortle, Davey, Dittman, Erlich, Fleming, Givich, James, Johnson, Kalbach, Kramer, Sears, Wright, St. Andre and Williams seek to modify the schedule to extend the discovery and dispositive law and motion dates.  The scheduling order required that discovery be completed by December 7, 2007.  It further required that dispositive motions be filed by February 1, 2008.  Both requests appear moot.  Defendants took plaintiff's deposition at High Desert State Prison ("HDSP") on November 29, 2007, beginning at just after 9:00 a.m.  Defs.' Mot. to Cont., Attach. 2, O'Brian Decl., ¶¶ 2, 3.  Counsel for defendant Rohlfing also was present.  During the deposition, prison staff informed counsel that plaintiff would be returned to his cell before 2:00 p.m., when the officers changed work shifts.  *Id.*, at ¶ 4.  Counsel asserts that he moved as quickly as possible through plaintiff's claims against each defendant.  They had a 15-minute break, and counsel for defendant Rohlfing questioned plaintiff from about 1:30 p.m.

2

until 1:45 p.m., when guards arrived to escort plaintiff to his cell. *Id.*, at ¶¶ 5, 9. Plaintiff would not agree to return that day or to return another day. Thus, counsel questioned plaintiff for about 4 ½ hours, but did not have time to question plaintiff about the claims against Runnels, Felker and Roche or about plaintiff's injuries resulting from the alleged assault occurring on July 8, 2004. *Id.*, at ¶¶ 5, 6. As noted, the claims against Runnels, Felker and Roche have been dismissed. The remaining defendants assert that they need information about plaintiff's injuries resulting from an alleged incident of excessive force. However, they have since timely filed a motion for summary judgment and submitted evidence that plaintiff suffered little or no injury from the incident. *See* Defs.' Mot. for Summ. J., at 5. Moreover, there is no allegation that such information is not available from plaintiff's medical records is inadequate for their defense. It appears that defendants, in the exercise of diligence, were able to complete discovery and timely file a motion for summary judgment. Thus, modification of the schedule in unnecessary and defendants' motions is denied.

### III. Plaintiff's Motion to Modify the Schedule[1]

Plaintiff moved to modify the schedule to extend the time for conducting discovery. He asserts that on November 26, 2007, he received responses to interrogatories propounded to defendants James, Kramer, Sears, Bortle, Davey, Ehrlich, Dittman, Givich, Wright, Johnson, Kalbach, St. Andre, Williams and Fleming which were "evasive." Pl.'s Mot. to Cont., at 2. He also alleges that guards confiscated his complaint and he faults this court for not providing him a copy of it. He asserts that he cannot complete discovery without the complaint. Plaintiff's motion shows that he received the discovery responses close to the time discovery was to close because the court granted defendants an extension of time to respond. *Id.*, at 2-3. However, plaintiff has not demonstrated that the defendants' responses to interrogatories were evasive or non-responsive.

---

[1] The court does not address plaintiff's assertions with respect to the defendants who have been dismissed from this action.

3

Furthermore, for the court to find that plaintiff acted with diligence, plaintiff must demonstrate not only that he has reason to continue seeking discovery; but also he must show that he attempted to comply with the Federal Rules of Civil Procedure as they relate to discovery. Rule 37(a)(1) requires a party who intends to move for an order compelling discovery to demonstrate that he has "in good faith conferred or attempted to confer with the person or party failing to make disclosure in an effort to obtain it without court action." Plaintiff makes no showing that he took any action to pursue defendants' alleged discovery violation. Furthermore, he makes no showing of what he has done to complete any desired discovery, besides request copies from this court of his compliant. Plaintiff has failed to demonstrate that he could not complete discovery by December 7, 2007. Thus, the motion to modify the schedule must be denied.

Accordingly, it is ORDERED that:

1. Defendant Rohlfing's December 4, 2007, motion to continue plaintiff's deposition is denied as moot;

2. Defendants Cox, Felker, Guillen, Roche, Runnels and Silva's December 5, 2007, motion to continue plaintiff's deposition is denied as unnecessary;

3. Defendants Bortle, Dittman, Erlich, Fleming, Givich, James, Johnson, Kalback, Kramer, Sears, Wright, St. Andre and Williams' December 5, 2007, motion to modify the schedule to permit additional time to conduct discovery is denied;

4. Plaintiff's December 5, 2007, motion to modify the schedule is denied; and,

5. The January 11, 2008, motion to vacate the scheduling order is denied.

Dated: April 22, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4