1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

CHARLES CHATMAN,

11

        Plaintiff,            No. CIV S-06-0578 MCE EFB P

12

    vs.

13

R. JOHNSON, et al.,

14

       Defendants.       <u>ORDER</u>

15

_____/

16

    Plaintiff is a prisoner without counsel suing for alleged civil rights violations.  *See* 42

17

U.S.C. § 1983.  Currently pending is plaintiff's second request for an extension of time to file an

18

opposition to defendants' motion for summary judgment.

19

    On February 1, 2008, defendants filed a motion for summary judgment.  On March 3,

20

2008, plaintiff filed a request for an extension of time to file an opposition to the motion.  The

21

request was granted on March 5, 2008, and plaintiff was given 30 days from that date to file his

22

opposition.  On April 3, 2008[1], plaintiff filed a second request for an extension of time to file his

23

opposition.

24

---

25

   [1] Although the motion was docketed on April 8, 2008, applying the mailbox rule it was

26

filed April 3, 2008, the date he delivered it to prison officials for mailing to this court.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

In order to obtain an extension of time, plaintiff must demonstrate that he has good cause for not acting in the time granted. Fed. R. Civ. P. 6(b). As noted, this is plaintiff's second request for additional time. He filed the request one day before he should have filed his opposition, asserting that he lacked access to a photocopier. Therefore, even though his opposition was drafted and ready for filing, he was unable to comply with this court's rules governing the number of copies required for filing. He asserted that he would likely be able to file his opposition within seven days of April 3, 2008, the date he signed the request. The court notes that three days after filing his second request for an extension of time, plaintiff filed a motion to continue summary judgment proceedings pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.[2] This suggests that if plaintiff wanted to file a document, he could. But he still has not filed an opposition to defendants' motion for summary judgment. Neither has he filed any document notifying the court of why he was not able to comply with his own estimate that he could file his opposition within seven days.

On December 21, 2006, the court sent to plaintiff a copy of this court's local rules and informed plaintiff of the rules for opposing a motion for summary judgment. Plaintiff has not complied with those rules and has not provided a satisfactory explanation for his persistent delay. This court has no rule that tolls the time for acting pursuant to a rule or court order based solely on having requested additional time to act. Thus, plaintiff's opposition to defendant's motion for summary judgment is late. Given plaintiff's failure to satisfy his own time frame of filing an opposition within seven days, and his failure to explain why he did not satisfy that time frame, it appears that plaintiff intends only to delay resolution of this action. Therefore, the second request for an extension of time to file an opposition to defendants' motion for summary judgment is denied.

////

---

[2] The court will rule on this request in a separate order.

1    Accordingly, it hereby is ORDERED that plaintiff's April 8, 2008, motion for a second

2  extension of time is denied.

3  Dated:  May 29, 2008.

4                                    EDMUND F. BRENNAN
                                     UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26