IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CHATMAN,

     Plaintiff,                       No. CIV S-06-0578 MCE EFB P

    vs.

R. JOHNSON, et al.,

     Defendants.              ORDER

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently pending is plaintiff's October 29, 2008, request for an extension of time to file a pretrial statement. For the reasons explained below, the court gives plaintiff 15 days from the date this order is signed to file a pretrial statement.

       On September 30, 2008, plaintiff was directed to file a pretrial statement within 30 days. On October 29, 2008, plaintiff requested an additional 30 days to comply with that order. He asserts that since his May 29, 2008, placement in administrative segregation, unidentified prison officials have denied him access to the legal materials relevant to this case. He asserts that he has filed administrative appeals complaining of this circumstance, but the result has been retaliatory assaults, interception of his mail, tampering with this food and confiscation of his eyeglasses, medications, stamps, paper and envelopes. He does not attach copies of the appeals.

1  Neither does he identify the alleged perpetrators of these acts.

2  Plaintiff has not asserted facts that warrant an extension of time. Other than his
3  conclusory allegations, there is no basis for finding that any prison official has deprived plaintiff
4  of access to his legal materials that would be adequate to litigate this matter or retaliated against
5  him. Plaintiff requests an additional 30 days, thereby implying that within this time he will have
6  access to his legal materials sufficient to file a pretrial statement. However, he does not explain
7  what will change such that he can accomplish this task. Although plaintiff states that he has
8  been deprived of paper, envelopes and stamps, the docket shows that he has been litigating this
9  action. On September 24, 2008, plaintiff filed a three-page request for an extension of time to
10 object to findings and recommendations. On October 6, 2008, he filed a 14-page request that the
11 undersigned recuse himself and a one-page certification that the request was made in good faith.
12 The instant request is three pages long.

13 Plaintiff has not shown a factual basis for finding good cause to grant the 30-day
14 extension plaintiff seeks. *See* Fed. R. Civ. P. 6(b). Nonetheless, the court grants plaintiff one
15 more chance in the form of an additional 15 days to file a pretrial statement. Plaintiff shall
16 comply with that deadline.

17 Plaintiff is, again, admonished that a party's failure to comply with any order or with the
18 Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or
19 Rule or within the inherent power of the Court." Local Rule 11-110. The court may recommend
20 that an action be dismissed with or without prejudice, as appropriate, if a party disobeys an order
21 or the Local Rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1252 (9th Cir. 1992) (district court
22 did not abuse discretion in dismissing *pro se* plaintiff's complaint for failing to obey an order to
23 re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*,
24 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for *pro se* plaintiff's failure to comply with
25 local rule regarding notice of change of address affirmed). Here, on December 21, 2006, the
26 court informed plaintiff that his failure to comply with the orders and rules of this court would

1  result in a recommendation that this action be dismissed.  On August 21, 2007, the court
2  informed plaintiff that in the event this matter were to go to trial, he would have to file a pretrial
3  statement as described in Local Rule 16-281 and outlined the procedures for calling witnesses.
4  As noted, the court has ordered plaintiff to file a pretrial statement.  He has not done so and, as
5  explained above, he has not provided an acceptable explanation for this failure.  If plaintiff fails
6  to file a pretrial statement as directed in this order, the court will recommend that this action be
7  dismissed.

8        Accordingly, it is ORDERED that:

9        1.  Plaintiff's October 29, 2008, request for an extension of time is denied.

10       2.  In the interest of justice, the court grants plaintiff 15 days from the date this order is
11 signed to file a pretrial statement.  Failure to comply with this order will result in a
12 recommendation that this action be dismissed.

13       3.  The Clerk of the Court is directed to terminate number 113 on the docket.

14 Dated:  November 12, 2008.

                                      EDMUND F. BRENNAN
                                      UNITED STATES MAGISTRATE JUDGE