IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CHATMAN,

    Plaintiff,　　　　　　　　　　No. CIV S-06-0578 MCE EFB P

  vs.

R. JOHNSON, et al.,

    Defendants.　　　　　　　　ORDER

_____/

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On October 6, 2008, plaintiff filed a motion to disqualify the undersigned pursuant to 28 U.S.C. § 455(a)(b)(1). For the reasons explained below, the court finds that there is no basis for disqualification.

    A judge is required to disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice against a party, 28 U.S.C. § 455(b)(1). Remarks made during the course of a judicial proceeding that are critical or hostile to a party or his case ordinarily will not support a bias or partiality claim unless they reveal an extrajudicial source for the opinion, or "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 554 (1994.) The

////

decision regarding disqualification is made by the judge whose impartiality is at issue. *Bernard v. Coyne*, 31 F.3d 842, 843 (9th Cir. 1994).

Where the source of alleged bias or prejudice is a judicial proceeding, plaintiff must show a disposition on the part of the judge that "is so extreme as to display clear inability to render fair judgment." *Liteky*, 510 U.S. at 541. "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. at 555. Bias is not found where the judge has expressed anger or dissatisfaction or annoyance that are within the bounds of reasonable behavior. *Id*.

The test for disqualification under section 455 is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v. Winston*, 613 F.2d 221, 222 (9th Cir. 1980). Evaluations of impartiality, bias or prejudice under section 455 are made using an objective standard. *Id.*

Evaluated under this objective standard, plaintiff's motion and supporting declaration fail to demonstrate personal bias or lack of impartiality. Plaintiff complains of judicial actions taken throughout this case. It appears that the primary source of plaintiff's discontent is the undersigned's denial of plaintiff's requests for a copy of the complaint. Pl.'s Dec., at 1-3. He also complains that the undersigned "has been dismissing defendants for self-projected reasons that didn't have anything to do with the facts in the court records, prison policy or established federal law." *Id.*, at 4. Plaintiff clearly is dissatisfied with the rulings in this action. However, this is insufficient to justify recusal. Adverse rulings do not establish bias nor warrant recusal. Plaintiff fails to point to objective evidence showing that the undersigned's impartiality might reasonably be questioned, or that he has a personal bias or prejudice against plaintiff. Thus, plaintiff's motion must be denied.

////

1   Accordingly, it hereby is ordered that plaintiff's October 6, 2008, motion to disqualify is
2   denied.
3   DATED: November 12, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3