IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CHATMAN,

      Plaintiff,                         No. CIV S-06-0578 MCE EFB P

   vs.

R. JOHNSON, et al.,

      Defendants.                  FINDINGS AND RECOMMENDATIONS

                               /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On September 30, 2008, the district judge gave plaintiff 30 days to file a pretrial statement. Instead of filing a pretrial statement, he filed a unsupported request that the undersigned recuse himself, and a request for an extension of time to file a pretrial statement. On November 12, 2008, the court found that plaintiff had not demonstrated good cause for an extension of time, *see* Fed. R. Civ. P. 6(b), but nonetheless gave plaintiff 15 days to file a pretrial statement. The court explained in some detail that *pro se* prisoners are bound by the procedural rules and the orders of this court, and warned plaintiff that if he failed to file a pretrial statement as directed, the court would recommend that this action be dismissed. Further, the court warned plaintiff that the recommendation could be for dismissal with prejudice. The 15 days have passed and plaintiff has not filed a pretrial statement. He has filed an objection to the November

1

12, 2008, order and a second request for an extension of time.

## I.  Request for Extension of Time

In order to obtain an extension of time to act pursuant to a court's order, plaintiff must demonstrate good cause. *See* Fed. R. Civ. P. 6(b).  Here, he alleges that he has been in administrative segregation since May of 2008, and that he is without his legal materials.  He asserts that in June of 2008, identified officers threatened to order that his legal materials be withheld for the entire time plaintiff was in administrative segregation.  While he states that he filed a grievance about this in June and provides a log number for it, he asserts that another officer "intercepted it from being processed to the first level of review." Pl.'s Req., at 2.  No copy of this grievance is attached to the request.  Further, plaintiff accuses identified officers of directing another identified officer to confiscate his papers and personal effects in August of 2008.  He also accuses identified officers of confiscating personal effects such as eyeglasses, a cane, medications and books in October of 2008.  Finally, he asserts that at some unspecified time, particular officers told him that plaintiff "will never receive [his] legal materials to facilitate [his] court cases." *Id*.  The court notes that plaintiff filed this request three days before the date he should have filed his pretrial statement.  But he relies on the alleged confiscation of his legal materials in October of 2008.  He concedes that fellow prisoners have provided him with paper and pens, but does not explain why he delayed in seeking an extension of time.  He does not assert that he attempted to draft a pretrial statement based on his recollection of this case.  If plaintiff had a copy of the findings and recommendations on the defendants' motion for summary judgment, he could have attempted to draft a pretrial statement based upon it.  However, he does not assert that he requested that prison staff provide him a copy of this document and that the request was denied.  Neither does he make any showing that he attempted to have either friends or family, or a legal copying service obtain a copy of the findings and recommendations from this court.  In short, the court finds that plaintiff is stalling and does not in fact intend to take this matter to trial.  The request for an extension of time must be denied.

## II. Failure to Prosecute

Plaintiff's persistent pattern of failing to comply with court scheduling orders manifests a failure to prosecute this action. Although cases should be disposed of on their merits, plaintiff is responsible for moving his case towards that disposition, *see Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991), and the court's inherent power to dismiss an action for a plaintiff's failure to do so "cannot seriously be doubted." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (condoning *sua sponte* dismissal with prejudice for failure to prosecute). The fact plaintiff proceeds without counsel does not exempt him from compliance with the court's plain orders, including the order requiring him to file a pretrial statement. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992); *see also Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("Although civil litigants who represent themselves . . . benefit from various procedural protections not otherwise afforded to the ordinary attorney-represented litigant . . . pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines." (citations omitted)); *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) (dismissal for pro se plaintiff's failure to comply with local rule regarding notice of change of address affirmed).

In considering whether dismissal is the appropriate sanction, however, a court must weigh five factors: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (district court did not abuse discretion by *sua sponte* dismissing habeas petition for failure to prosecute and for disobeying court order). Dismissal is proper when at least four factors support dismissal or where at least three factors "strongly" support dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). The first two factors, the public interest in expeditious resolution of litigation and the court's need to manage its docket, always weigh in favor of dismissal. *See Malone v. United*

*States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987).  Here, dismissal also is warranted under the third factor because plaintiff's repeated failure to file a pretrial statement pursuant to the September 30, 2008, Order has caused undue delay, presumptively prejudicing defendants.  *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) ("Unreasonable delay creates a presumption of injury to the defense.").  Courts often decide that dismissal is improper under the fourth factor, the public policy favoring disposition of cases on their merits, because the policy is strong.  *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996).  In this case, however, plaintiff's refusal to file a pretrial statement in violation of the specific order that he do so makes it impossible to reach the merits.  *See Valley Engineers, Inc., v. Electrical Engineering*, 158 F.3d 1051, 1056-57 (9th Cir. 1998).

The fifth factor also weighs in favor of dismissal.  A court must identify and consider less drastic sanctions, including a warning, fine or imposition of costs or fees.  Warning a plaintiff that failure to take steps towards resolution of his action on the merits will result in dismissal satisfies the requirement the court consider the alternatives.  *See Buss v. Western Airlines, Inc.*, 738 F.2d 1053, 1054 (9th Cir. 1984), *cert. denied*, 469 U.S. 1192 (1985); *Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3d Cir. 1982).  Here, the court was warned that his failure to take steps necessary to resolve this action on the merits may result in dismissal of his action.  Furthermore, imposing fines or attorney fees would be wholly impracticable because plaintiff proceeds *pro se* and *in forma pauperis* and plaintiff has disregarded all prior warnings regarding sanctions, including the sanction of dismissal.  These alternatives, therefore, are infeasible.  The alternative of dismissal without prejudice is unsatisfactory because permitting plaintiff to file anew at his whim would only consume yet more of the court's time that could be devoted to other cases on its already overburdened docket.  Weighing the pertinent factors, the court finds that all favor dismissal.

////

////

### III. Conclusion

For the reasons explained above, plaintiff has not shown good cause for a second extension of time to file a pretrial statement. Furthermore, his repeated refusal to file a pretrial statement amounts to a failure to prosecute that justifies dismissing this action with prejudice.

Accordingly, it is ORDERED that plaintiff's request for an extension of time to file a pretrial statement is denied.

It further is RECOMMENDED that this action be dismissed with prejudice for plaintiff's failure to prosecute this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 15 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 30, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE